# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE BUCKEYE PARTNERS, L.P. MERGER LITIGATION | ) ) ) ) | C.A. No. 20-960-RGA |

# **REPORT AND RECOMMENDATION**

Pending before the Court are (1) the Buckeye Defendants' Motion to Dismiss (D.I. 65); and (2) the IFM Defendants' Motion to Dismiss (D.I. 68). As announced at the hearing on April 21, 2021, I recommend GRANTING both motions.

My Report and Recommendation was announced from the bench at the conclusion of the hearing as follows:

> This is my report and recommendation on the two pending motions to dismiss. (D.I. 65, 68.) I note that we followed a full process in coming to the recommendation that I'm about to state. We reviewed all of the briefing, declarations, and exhibits submitted by the parties. We also reviewed the parties' responses to the Order to Show Cause. (D.I. 83, 84, 85, 86.) And the Court entertained oral argument today in excess of the time limits we [had] previously set. All of the parties' arguments have been considered.
>
> I will summarize the reasons for my recommendation, but my failure to reference a particular argument or case raised by the parties does not mean that I failed to consider it. We are not going to issue a separate written opinion, but we will issue a written document incorporating the transcript of my oral report and recommendation.
>
> I recommend that both motions to dismiss be GRANTED.
>
> [The] merger at issue in this case was the acquisition of Buckeye Partners, L.P. by a subsidiary of IFM Global Infrastructure Fund.[1] Shortly after Buckeye issued its proxy statement regarding

---

[1] The named defendants are Buckeye Partners, L.P. ("Buckeye") and ten directors of Buckeye's former general partner (collectively, the "Buckeye Defendants"); and IFM Investors Pty Ltd, IFM Global Infrastructure Fund, Hercules Intermediate holdings LLC, and Hercules

the merger, various lawsuits were filed asserting deficiencies in the proxy. (D.I. 58 ¶ 8.)

The procedural history of this action is somewhat tortured, but this is how things stand today. The lead Plaintiff is Walter E. Ryan, Jr. Mr. Ryan was a unitholder of Buckeye prior to the acquisition. The operative complaint is styled, "Third Amended Class Action Complaint." (D.I. 58.) Although this is a Third Amended Complaint, the pending motions to dismiss are the first time that Mr. Ryan's claims have been subject to evaluation by the Court.

The Third Amended Complaint sets forth eight counts. Counts 1 and 2 allege violations of Section 14(a) and 20(a) of the Exchange Act. Counts 3, 4, 5, and 8 are state law claims for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Count 7 alleges that the IFM Defendants aided and abetted the Exchange Act and state law violations. Count 6 is styled "Declaratory and Injunctive Relief," but it does not refer to an independent violation of state or federal law.

The Buckeye Defendants and the IFM Defendants separately moved to dismiss the [Third Amended] Complaint. During oral argument today, Plaintiff conceded that it would be appropriate to dismiss his federal Exchange Act claims with prejudice.

The only remaining issue is what to do with the state law claims. The Third Amended Complaint suggested two bases for exercising jurisdiction over those claims, the Class Action Fairness Act, 28 U.S.C. § 1332(d), and the supplemental jurisdiction statute, 28 U.S.C. § 1367. All parties now agree that the Class Action Fairness Act does not provide a basis for this Court to exercise jurisdiction over the state law claims set forth in Plaintiff's Third Amended Complaint. That leaves supplemental jurisdiction under 28 U.S.C. § 1367.

In my Order to Show Cause, I indicated that I would recommend declining supplemental jurisdiction in the event that the federal claims were dismissed. (D.I. 83 at 2.) This is an unusual case in that the Plaintiff does not oppose the Court declining to exercise jurisdiction, but the Defendants want me to exercise

---

Merger Sub LLC (collectively, the "IFM Defendants"). (Third Amended Class Action Complaint, D.I. 58, ¶¶ 20–31 ("Third Amended Complaint" or "Complaint").)

jurisdiction over the state law claims for the purpose of dismissing them for failure to state a claim.

I have considered the arguments and the cited cases, and I recommend that the Court decline to exercise supplemental jurisdiction here. To be clear, I recognize, as do the parties, that the Court has discretion to exercise jurisdiction, but the parties also agree that the Court has discretion to decline to exercise jurisdiction. And of course, that's correct under Third Circuit law, which holds that whether to exercise supplemental jurisdiction is committed to the Court's discretion absent extraordinary circumstances.[2] Under § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it has original jurisdiction[.]"[3] And the Third Circuit says that the Court "'*must* decline' to exercise supplemental jurisdiction in such circumstances 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'"[4]

Defendants say that those considerations weigh in favor of exercising jurisdiction. I disagree. This is not a case of near identical state and federal claims. There is no question that there is substantial factual overlap, and there are similar legal questions. But the analysis governing Plaintiff's state law claims is a different analysis. Before Plaintiff voluntarily agreed today to dismiss his federal claims, the Court had assessed and was prepared to recommend dismissal of those claims with prejudice on the bases that, one, Plaintiff abandoned them; and two, Plaintiff failed to identify an actionable false or misleading statement, which is a requirement to state a Section 14(a) claim.

Defendants argue that if the Court dismisses or did dismiss Plaintiff's federal claims on the basis that all material information was disclosed, the Court could also dismiss Plaintiff's state law fiduciary duty claims for the same reason. While I take Defendants' point that the state law claims are similar to Plaintiff's federal

---

[2] *See Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019) ("[A] court does not err if it declines to exercise supplemental jurisdiction over state claims after it dismisses a federal claim on which its jurisdiction is based in the absence of extraordinary circumstances.").

[3] 28 U.S.C. § 1367(c)(3).

[4] *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original)).

claims, it's not evident to me that a conclusion that Plaintiff failed to state a claim under Section 14(a) of the Exchange Act would necessarily and automatically entitle Defendants to a dismissal of any or all of their state law claims. Defendants may be right that Plaintiff's state law claims are not meritorious, but I have not considered their merit as part of my recommendation today. Accordingly, principles of convenience to the Court and judicial economy do not provide a justification for the Court to exercise its jurisdiction to hear the state law claims.

Comity also favors dismissal of this case without prejudice to permit Plaintiff to proceed with [his] remaining claims in state court. I take Defendants' point that forcing them to now defend these claims in state court is inconvenient and could delay the ultimate resolution of the case. However, for the reasons discussed during argument today, it's not clear to me that Defendants would get a final answer here before they would in state court. And even if the case could be concluded faster here, I find that it would not tip the scale in favor of exercising jurisdiction.

For those reasons, I recommend that Defendants' motions be granted. Plaintiff's federal claims [(Counts 1 and 2)] should be dismissed with prejudice, and I recommend that the Court decline to exercise jurisdiction over Plaintiff's state law claims [(Counts 3 through 8)].

That concludes my report and recommendation.

This Report and Recommendation was issued pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. The parties are directed to the Court's "Standing Order for Objection Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: May 5, 2021

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE